■ MICHELLE DONISI, an Infant, by Her Father and Natural Guardian, LOUIS DONISI, et al., Respondents, v BRIAN HENDERSON, Appellant, et al., Defendant. [719 NYS2d 701] —In an action to recover damages for personal injuries, etc., the defendant Brian Henderson appeals from an order of the Supreme Court, Suffolk County (Dunn, J.), dated February 16, 2000, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the

plaintiff Michelle Donisi did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The appellant met his initial burden of demonstrating that the plaintiff Michelle Donisi did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Thus, it was incumbent on the plaintiffs to come forward with sufficient evidence to raise a triable issue of fact (see, Gaddy v Eyler, 79 NY2d 955, 956-957). The plaintiffs failed to do so. The injured plaintiff submitted her own affidavit claiming an inability to perform substantially all of the material acts constituting her usual and customary daily activities for a period of at least 90 out of the 180 days immediately following the accident. However, she did not submit a physician's affidavit substantiating the existence of a medically-determined injury producing the alleged impairment (see, Insurance Law § 5102 [d]; Ryan v Xuda, 243 AD2d 457; Traugott v Konig, 184 AD2d 765). Accordingly, the appellant was entitled to summary judgment dismissing the complaint insofar as asserted against him (see, Licari v Elliott, 57 NY2d 230). S. Miller, J. P., McGinity, Luciano and Smith, JJ., concur.