■ PAMELA RUOCCO, Respondent, v BARBARA BRODY et al., Appellants. [792 NYS2d 515]—In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Richmond County (Maltese, J.), dated July 30, 2004, which, upon a jury verdict, and the denial of the defendants' motion pursuant to CPLR 4404 (a) to set aside the

verdict, is in favor of the plaintiff and against them in the principal sum of $25,000.

Ordered that the judgment is reversed, on the law, with costs, the motion pursuant to CPLR 4404 (a) to set aside the verdict is granted, and the complaint is dismissed.

Granting the plaintiff every favorable inference from the evidence submitted, there was no rational basis upon which a jury could have found that the plaintiff sustained a medically-determined injury or impairment which prevented her from performing substantially all of the material acts which constituted her usual and customary activities for at least 90 out of the first 180 days immediately following the accident within the meaning of Insurance Law § 5102 (d) (*see Leahey v Fitzgerald*, 1 AD3d 924 [2003]; *Van Norden-Lipe v Hamilton*, 294 AD2d 749 [2002]; *Sellitto v Casey*, 268 AD2d 753 [2000]). While the plaintiff's medical expert testified to his examination of the plaintiff in July 2004, approximately 2¹/₂ years after the accident, the expert failed to adequately testify concerning any alleged limitations of the plaintiff's ability to function during the statutory period.

Accordingly, the defendants' motion pursuant to CPLR 4404 (a) to set aside the verdict should have been granted. H. Miller, J.P., S. Miller, Goldstein, Mastro and Lifson, JJ., concur.