■ JAMES GAVIN, Respondent, et al., Plaintiff, v CHETAN SATI et al., Appellants, et al., Defendant. [815 NYS2d 250]—

In an action to recover damages for personal injuries, the defendants Chetan Sati and Sashi Sati appeal from so much of a judgment of the Supreme Court, Queens County (Risi, J.), entered December 21, 2004, as, upon a jury verdict finding that the plaintiff James Gavin sustained a serious injury within the meaning of Insurance Law § 5102 (d) and upon the denial of

their motion, in effect, pursuant to CPLR 4404 to set aside the jury verdict and for judgment as a matter of law, is in favor of the plaintiff James Gavin and against them in the principal sum of $35,000.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted by the plaintiff James Gavin against the appellants.

The jury determined that the plaintiff James Gavin sustained a medically determined injury or impairment which prevented him from performing substantially all of the material acts which constituted his usual and customary activities for at least 90 out of the 180 days immediately following the accident (see Insurance Law § 5102 [d]; *Licari v Elliott,* 57 NY2d 230, 237 [1982]; *Krakofsky v Fox-Rizzi,* 273 AD2d 277 [2000]). Viewing the evidence in the light most favorable to Gavin, "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]). Gavin's claim that he was unable to work for eight months following the accident was not supported by any competent medical evidence linking his purported inability to work with his alleged accident-related injuries (see *Kearse v New York City Tr. Auth.,* 16 AD3d 45, 52 [2005]; *Arshad v Gomer,* 268 AD2d 450 [2000]). Thus, the trial court should have granted the appellants' motion, in effect, pursuant to CPLR 4404 to set aside the jury verdict and for judgment as a matter of law. Adams, J.P., Ritter, Goldstein and Covello, JJ., concur.