■ AMADOU BARRY, Respondent, et al., Plaintiff v FUTURE CAB CORP. et al., Appellants. [896 NYS2d 423]—

In an action, inter alia, to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Partnow, J.), dated June 2, 2009, which denied their motion for summary judgment dismissing the first cause of action on the ground that the plaintiff Amadou Barry did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the first cause of action is granted.

This appeal arises from a two-car accident which occurred at an intersection in Manhattan. The first cause of action asserted in the complaint alleged that the plaintiff Amadou Barry sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Contrary to the plaintiffs' contentions, the defendants established, prima facie, through the affirmed reports of their expert neurologist, orthopedist, and radiologist, that Barry did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see *Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Richards v Tyson*, 64 AD3d 760 [2009]; *Berson v Rosada Cab Corp.*, 62 AD3d 636 [2009]; *Byrd v J.R.R. Limo*, 61 AD3d 801 [2009]). The plaintiffs' submissions in opposition were insufficient to raise a triable issue of fact. The plaintiffs' physicians failed to adequately rebut the findings of the defendants' radiologists that the conditions in the cervical and lumbar regions of Barry's spine, and in both of his knees, were due to degenerative forces unrelated to the accident (see *Iovino v Scholl*, 69 AD3d 799 [2010]; *Ciordia v Luchian*, 54 AD3d 708 [2008]). Moreover, under the circumstances, the opinion of the plaintiffs' expert orthopedist that Barry's injuries were a result of the accident was conclusory and, thus, insufficient to raise a triable issue of fact (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The plaintiffs also failed to submit competent medical evidence that the injuries that Barry allegedly sustained in the subject accident rendered him unable to perform substantially all of his usual and customary daily activities for not less than 90 days of the first 180 days subsequent to the accident (see *Shmerkovich v Sitar Corp.*, 61 AD3d 843, 844 [2009]). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the first cause of action on the ground that Barry did not sustain a serious injury within the meaning of Insurance

Law § 5102 (d). Dillon, J.P., Miller, Balkin, Leventhal and Austin, JJ., concur.