■ BLANCA ESTABA, Respondent, v JOEL L. QUOW et al., Defendants, and KEV-RA LIMO, INC., et al., Appellants. [902 NYS2d 155]—

In an action, inter alia, to recover damages for personal injuries, the defendants Kev-Ra Limo, Inc., and Luis Alfredo Ruiz appeal from an order of the Supreme Court, Kings County (F. Rivera, J.), dated December 4, 2009, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and granted the plaintiff's cross motion for summary judgment on the issue of serious injury.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's cross motion for summary judgment on the issue of serious injury and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court properly denied the appellants' motion, although not on the ground relied upon in the order appealed from. Contrary to the Supreme Court's determination, the appellants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of the Insurance Law § 5102 (d) as a result of the subject accident. In support of their motion, the appellants relied upon the affirmed medical reports of their examining otolaryngologist and neurologist, as well as the plaintiff's hospital records and deposition testimony. The appellants' examining neurologist concluded, upon his examination of the plaintiff, that the

plaintiff had full range of motion in the lumbar and cervical regions of her spine, was without disability, and was capable of performing the activities of daily life without any restrictions. The appellants' examining otolaryngologist noted, upon his examination of the plaintiff, that the plaintiff had normal external auditory canals and tympanic membranes, and that her nasal cavity was normal as well. The otolaryngologist concluded that the plaintiff's nose was normal. The plaintiff's own hospital records revealed that she never complained about her nose to hospital personnel upon her examination in the emergency room on the date of the subject accident, and a CT scan of her head performed at that time was "unremarkable." The appellants further relied upon the plaintiff's deposition testimony, in which she averred that she missed approximately two weeks of work as a result of the subject accident. These submissions were sufficient to show that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]).

However, in opposition to the appellants' motion, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury in the form of a fracture to her nose as a result of the subject accident. Specifically, in his affirmation, Dr. Richard W. Westreich, the plaintiff's surgeon, asserted that, upon performing surgery upon the plaintiff, he noted a fracture of her nose, which he concluded had been caused by the subject accident (*see Gould v Ombrellino*, 57 AD3d 608 [2008]; *Bonner v Hill*, 302 AD2d 544 [2003]).

Nonetheless, the Supreme Court erred in granting the plaintiff's cross motion for summary judgment on the issue of serious injury. In support of the plaintiff's cross motion, she relied upon, inter alia, Dr. Westreich's affirmation, which was sufficient to meet her prima facie burden of showing that she sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, inasmuch as she sustained a fractured nose. In opposition, the appellants raised a triable issue of fact as to the existence of a fracture on the day of the accident and, thus, whether the accident caused a fractured nose. In this respect, the appellants relied upon, inter alia, the plaintiff's hospital records, which revealed that the CT scan of her head on the day of the accident was "unremarkable." Rivera, J.P., Florio, Dickerson, Chambers and Lott, JJ., concur.