JESSICA BONILLA, Respondent, v BENJAMIN LOCICERO, JR., et al., Appellants. [929 NYS2d 754]—

The defendants met their prima facie burden of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiff alleged that, as a result of the subject accident, she sustained certain injuries to the cervical and thoracolumbar regions of her

spine, and her left hip. However, the defendants submitted competent medical evidence establishing, prima facie, that none of those alleged injuries constituted a serious injury within the meaning of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]; *Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]). Furthermore, while the plaintiff also alleged that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d), the defendants submitted evidence establishing, prima facie, that during the 180-day period immediately following the subject accident, the plaintiff did not have an injury or impairment which, for more than 90 days, prevented her from performing substantially all of the acts that constituted her usual and customary daily activities (*cf. Kin Chong Ku v Baldwin-Bell*, 61 AD3d 938, 939 [2009]).

In opposition, the plaintiff failed to provide a reasonable explanation for a cessation of her medical treatment (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]) and failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Dickerson, Leventhal, Austin and Miller, JJ., concur.