In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), entered March 11, 2011, which, upon, in effect, the denial of its motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiffs case, and upon a jury verdict finding that the plaintiff sustained a serious injury under the 90/180 day category of Insurance Law § 5102 (d), is in favor of the plaintiff and against it in the principal sum of $33,360, representing awards of $23,360 for past pain and suffering and $10,000 for future pain and suffering.
Ordered that the judgment is reversed, on the law, with costs, the defendant’s motion pursuant to CPLR 4401 for judgment as a matter of law is granted, and the complaint is dismissed.
The plaintiff commenced this action alleging that she was struck by an unidentified motor vehicle while crossing an *918 intersection and, as a result, sustained serious injuries as defined by Insurance Law § 5102 (d) under the categories of “significant limitation of use of a body function or system” and “a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person’s usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.”
At the close of the plaintiffs case, the defendant made a motion “to move for threshold.” The Supreme Court reserved decision. After the defense presented its case, defense counsel addressed the outstanding oral motion, stating “I would like to renew my motion to dismiss based on threshold.” The Supreme Court, in effect, denied that motion. Thereafter, the jury returned a verdict finding that the plaintiff did not sustain an injury under the significant limitation of use category, but did sustain an injury under the 90/180-day category.
Initially, the defendant’s motion for judgment as a matter of law “based on threshold” satisfied the specificity requirement of CPLR 4401 in that, under the circumstances, it called to the Supreme Court’s attention the defendant’s contention that the plaintiff failed to offer sufficient proof to establish the threshold of a serious injury pursuant to Insurance Law § 5102 (d) (see CPLR 4401). A review of the record makes clear that the motion was not simply a “general objection,” which does not preserve an issue for appellate review (cf. Hulsen v Morrison, 206 AD2d 459 [1994]; Montour v. Uris Bldrs., 42 AD2d 788, 789 [1973]).
“A trial court’s grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party” (Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; see Hamilton v Rouse, 46 AD3d 514, 516 [2007]; Tapia v Dattco, Inc., 32 AD3d 842, 844 [2006]). In considering such a motion, . “the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant” (Szczerbiak v Pilat, 90 NY2d at 556).
Here, viewing the evidence in the light most favorable to the plaintiff, there is no rational process by which the jury could have found in her favor on the issue of whether she sustained an injury under the 90/180-day category and, thus, whether she *919 sustained a serious injury within the meaning of Insurance Law § 5102 (d) (see Lanzarone v Goldman, 80 AD3d 667, 669 [2011]; Hamilton v Rouse, 46 AD3d at 516-517; Ruocco v Brody, 16 AD3d 571, 572 [2005]). The plaintiffs medical expert testified as to his examination of the plaintiff, but failed to adequately testify concerning any alleged limitations of the plaintiffs ability to function during the statutory period (see Lanzarone v Goldman, 80 AD3d at 669; Ruocco v Brody, 16 AD3d at 572; Sainte-Aime v Ho, 274 AD2d 569, 570 [2000]). As the plaintiff did not submit any competent medical evidence to support her claim that the injuries she allegedly sustained as a result of the subject accident rendered her unable to perform substantially all of her daily activities for not less than 90 of the 180 days immediately thereafter, the Supreme Court should have granted the defendant’s motion pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiff’s case (see Gavin v Sati, 29 AD3d 734, 735 [2006]; Sainte-Aime v Ho, 274 AD2d at 570). Skelos, J.P., Florio, Roman and Miller, JJ., concur.