■ EMDADUL KABIR, Appellant, v NINA VANDERHOST, Respondent. [962 NYS2d 703]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated February 6, 2012, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages for personal injuries allegedly sustained to the cervical and lumbar regions of his spine as a result of a motor vehicle accident in which his vehicle and the defendant's vehicle came into contact. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant's expert opined that the condition of the cervical and lumbar regions of the plaintiff's spine were the result of preexisting multilevel degenerative disc disease and were not causally related to the subject accident (*see Jilani v Palmer*, 83 AD3d 786, 787 [2011]). The defendant further established, inter alia, that the plaintiff missed only six to eight days of work following the accident and, therefore, he did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Richards v Tyson*, 64 AD3d 760, 761 [2009]).

In opposition, the plaintiff failed to raise a triable issue of fact. The opinion of the plaintiff's expert that the condition of the plaintiff's spine was caused by the subject accident was conclusory, and therefore insufficient to raise a triable issue of fact (*see Williams v Town of Greenburgh*, 101 AD3d 990 [2012]; *Barry v Future Cab Corp.*, 71 AD3d 710, 711 [2010]; *cf. Fraser-Baptiste v New York City Tr. Auth.*, 81 AD3d 878 [2011]). The plaintiff also failed to raise a triable issue of fact as to whether the injuries he allegedly sustained in the subject accident rendered him unable to perform substantially all of his usual and customary daily activities for not less than 90 days of the first 180 days subsequent to the accident (*see Barry v Future Cab Corp.*, 71 AD3d at 711). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.