■ MICHAEL J. STRENK, Appellant, v EDGUIN RODAS et al., Respondents. [976 NYS2d 151]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated April 16, 2011, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, denied that branch of his cross motion which was for summary judgment on the issue of whether he sustained a serious injury as a result of the subject accident, and denied, as academic, that branch of his cross motion which was for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the plaintiff did not sustain any serious injuries, inter alia, to his knees (*see Kreimerman v Stunis*, 74 AD3d 753, 754 [2010]; *Rabolt v Park*, 50 AD3d 995 [2008]; *Hasner v Budnik*, 35 AD3d 366, 368 [2006]). The defendants also demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) by submitting the plaintiff's bill of particulars, which demonstrated that the plaintiff returned to work on a partial basis during the relevant period of time (*cf. Bucci v Kempinski*, 273 AD2d 333, 333-334 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact.

The affirmation of Dr. Noah S. Finkel, the plaintiff's treating orthopedic surgeon, was insufficient to raise a triable issue of fact. While Dr. Finkel noted that the plaintiff had limitations of motion in his knees, he failed to set forth any quantified range-of-motion findings or a qualitative assessment of the plaintiff's knees (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 350-351; *Acosta v Alexandre*, 70 AD3d 735, 736 [2010]; *Smeja v Fuentes*, 54 AD3d 326, 327 [2008]). Furthermore, the mere existence of an arthritic condition of the knees is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration (*see Acosta v Alexandre*, 70 AD3d at 737; *Su Gil Yun v Barber*, 63 AD3d 1140, 1142 [2009]). The plaintiff's self-serving affidavit was insufficient to raise a triable issue of fact as to whether he sustained a serious injury under the no-fault statute (*see Leeber v Ward*, 55 AD3d 563, 563-564 [2008]; *Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535, 536 [2007]; *Fisher v Williams*, 289 AD2d 288, 289 [2001]). In addition, the plaintiff failed to set forth any competent medical evidence sufficient to raise a triable issue of fact as to whether he sustained a medically determined injury of a nonpermanent nature which prevented him from performing his usual and customary activities for 90 of the 180 days following the subject accident (*see Gavin v Sati*, 29 AD3d 734, 735 [2006]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 52 [2005]; *Arshad v Gomer*, 268 AD2d 450 [2000]). For the same reasons, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of whether he sustained a serious injury as a result of the subject accident.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint, properly denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of whether he sustained a serious injury, and properly denied, as academic, that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability. Angiolillo, J.P., Hall, Roman and Cohen, JJ., concur.