HASSAN O.G. ALAMIN, Appellant, v SHAKE UDDIN et al., Respondents. [978 NYS2d 858]—

Contrary to the plaintiff's contention, a prior order of the Supreme Court dated April 8, 2010, did not prevent the Supreme Court from granting the defendants' cross motion for summary judgment dismissing the complaint. That prior order did not constitute a determination of the merits of the defendants' cross motion for summary judgment, and the defendants' cross motion remained pending and undecided until the court determined the merits of the cross motion in the order appealed from. Consequently, the relief sought by the defendants was not barred by the principles of collateral estoppel or res judicata (*see Landau, P.C. v LaRossa, Mitchell & Ross*, 11 NY3d 8, 13-14 [2008]; *Springwell Nav. Corp. v Sanluis Corporacion, S.A.*, 81 AD3d 557 [2011]; *see also Franchise Acquisitions Group Corp. v Jefferson Val. Mall Ltd. Partnership*, 73 AD3d 1123 [2010]).

To the extent that the plaintiff seeks review of the merits of the Supreme Court's determination that the defendants were entitled to judgment as a matter of law, the defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law

§ 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *see also Marin v Ieni*, 108 AD3d 656 [2013]; *Jilani v Palmer*, 83 AD3d 786, 787 [2011]). In opposition to that showing, the plaintiff failed to raise a triable issue of fact (*see Kabir v Vanderhost*, 105 AD3d 811, 812 [2013]; *Williams v Town of Greenburgh*, 101 AD3d 990 [2012]; *Morris v Edmond*, 48 AD3d 432, 433 [2008]; *see also Garcia v Lopez*, 59 AD3d 593, 594 [2009]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court correctly granted the defendants' cross motion for summary judgment dismissing the complaint. Mastro, J.P., Chambers, Lott and Miller, JJ., concur.