■ MARVA M. PRYCE, Respondent, v JOHN ALDEN NELSON, Appellant. [2 NYS3d 214]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Jones, Jr., J.), entered August 28, 2013, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury to the thoracolumbar region of her spine and left shoulder within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of his motion, the defendant relied upon the affirmed medical report of his examining orthopedist, as well as the hospital records and medi-

cal reports of the plaintiff's treating medical care providers, and a transcript of the plaintiff's deposition testimony (*see Estaba v Quow*, 74 AD3d 734, 735 [2010]; *Elshaarawy v U-Haul Co. of Miss.*, 72 AD3d 878, 881 [2010]; *Hernandez v Taub*, 19 AD3d 368 [2005]). The defendant's examining orthopedist opined that the condition of the thoracolumbar region of the plaintiff's spine was the result of preexisting degenerative disc disease and a prior motor vehicle accident, and he provided a nonconclusory explanation for that opinion (*see Kabir v Vanderhost*, 105 AD3d 811 [2013]; *Il Chung Lim v Chrabaszcz*, 95 AD3d 950 [2012]; *Faulkner v Steinman*, 28 AD3d 604, 605 [2006]). Furthermore, that orthopedist concluded that slight limitations in the range of motion that he noted with respect to the plaintiff's left shoulder were insignificant (*see Il Chung Lim v Chrabaszcz*, 95 AD3d 950 [2012]; *Ciancio v Nolan*, 65 AD3d 1273 [2009]). In addition, the defendant demonstrated, prima facie, that during the 180-day period immediately following the subject accident, the plaintiff did not have an injury or impairment which, for more than 90 days, prevented her from performing substantially all of the acts that constituted her usual and customary daily activities (*see Marin v Ieni*, 108 AD3d 656, 657 [2013]; *Bonilla v Locicero*, 87 AD3d 1047, 1048 [2011]).

In opposition, the plaintiff failed to raise a triable issue of fact. The medical reports and records of the plaintiff's treating physicians failed to set forth any quantified range-of-motion findings or a qualitative assessment of the plaintiff's left shoulder, or an opinion as to the cause of any limitations in the range of motion of the lumbar region of the plaintiff's spine (*see Strenk v Rodas*, 111 AD3d 920, 921 [2013]; *Knox v Lennihan*, 65 AD3d 615 [2009]; *Smeja v Fuentes*, 54 AD3d 326, 327 [2008]). The plaintiff also failed to submit any competent medical evidence that the injuries she allegedly sustained in the subject accident rendered her unable to perform substantially all of her daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Strenk v Rodas*, 111 AD3d at 921; *Knox v Lennihan*, 65 AD3d at 616; *Gavin v Sati*, 29 AD3d 734, 735 [2006]).

Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Mastro, J.P., Chambers, Cohen and Barros, JJ., concur.