■ GLADYS URIBE, Appellant, v BYRON T. JIMENEZ, Respondent. [20 NYS3d 555]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lane, J.), entered October 9, 2014, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury to her ribs within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Rivera v Ramos*, 132 AD3d 655 [2015]; *Bojorquez v Sanchez*, 65 AD3d 1179, 1179-1180 [2009]; *I Mei Chou v Welsh*, 15 AD3d 622, 622 [2005]). In support of his motion, the defendant submitted the plaintiff's medical records from Elmhurst Hospital, which indicated that a chest X ray did not reveal any rib fractures (*see Estaba v Quow*, 74 AD3d 734, 734-735 [2010]). While these medical records were not certified, the defendant could rely on them in order to demonstrate a lack of serious injury, as they were the records of the plaintiff's treating physicians (*see Elshaarawy v U-Haul Co. of Miss.*, 72 AD3d 878, 881 [2010]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 47 n 1 [2005]).

However, in opposition to the defendant's motion, the plaintiff submitted competent medical evidence raising a tri-

able issue of fact as to whether she sustained a fracture of her eighth right rib as a result of the subject accident. Specifically, the plaintiff submitted certified medical records, wherein her treating physician documented a plan of treatment for the plaintiff's rib fracture that had been revealed in an X ray taken shortly after the subject accident but subsequent to the X ray submitted by the defendant on his motion, along with an affirmation from another treating physician who concluded that the plaintiff's injuries, including her rib fracture, were caused by the subject accident (*see Estaba v Quow*, 74 AD3d at 735; *Bojorquez v Sanchez*, 65 AD3d at 1180; *I Mei Chou v Welsh*, 15 AD3d at 622). Since the plaintiff raised a triable issue with respect to the rib fracture, it is not necessary to determine whether her other claimed injuries meet the threshold (*see Linton v Nawaz*, 14 NY3d 821, 822 [2010]; *Rivera v Ramos*, 132 AD3d 655 [2015]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment. Mastro, J.P., Hall, Sgroi and Duffy, JJ., concur.