Wettstein v Tucker (2019 NY Slip Op 09319)





Wettstein v Tucker


2019 NY Slip Op 09319


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2016-11244
 (Index No. 2132/14)

[*1]Timothy Wettstein, et al., appellants, 
v
Jameelah Tucker, respondent.


Timothy Wettstein and Michelle Wettstein, South Hempstead, NY, appellants pro se.
DeSena & Sweeney, LLP, Bohemia, NY (Shawn P. O'Shaughnessy of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered September 1, 2016. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action to recover damages for personal injuries that they each allegedly sustained in a motor vehicle accident that occurred on February 17, 2013. The defendant moved for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted the motion, and the plaintiffs appeal.
The defendant met her prima facie burden of showing that the plaintiff Timothy Wettstein (hereinafter Timothy) did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the lumbar region of Timothy's spine and left shoulder did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614), and that, in any event, those alleged injuries were not caused by the subject accident (see Jilani v Palmer, 83 AD3d 786, 787). In addition, the defendant demonstrated, prima facie, that Timothy did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see John v Linden, 124 AD3d 598, 599; Marin v Ieni, 108 AD3d 656, 657). In opposition, the plaintiffs failed to raise a triable issue of fact (see Griffiths v Munoz, 98 AD3d 997, 998-999).
The defendant also met her prima facie burden of showing that the plaintiff Michelle Wettstein (hereinafter Michelle), who allegedly sustained certain injuries to the cervical region of her spine as a result of the subject accident, did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 [*2]NY2d 345; Gaddy v Eyler, 79 NY2d at 956-957). The defendant submitted competent medical evidence establishing, prima facie, that Michelle suffered from pre-existing conditions in that region, and that an anterior cervical discectomy and fusion surgery had been suggested to her approximately six months prior to the subject accident (see Pryce v Nelson, 124 AD3d 859, 859-860). In addition, the defendant also submitted evidence establishing, prima facie, that Michelle did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see John v Linden, 124 AD3d at 599; Marin v Ieni, 108 AD3d at 657). In opposition, the plaintiffs failed to raise a triable issue of fact. Michelle's examining physician failed to explain in his affirmation, in a specific and nonconclusory manner, how the subject accident exacerbated Michelle's preexisting conditions, necessitating her to undergo an anterior cervical discectomy and fusion surgery in September 2013 (see Inzalaco v Consalvo, 115 AD3d 807, 808-809).
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., COHEN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court