Wiessner v Phillips (2022 NY Slip Op 00216)





Wiessner v Phillips


2022 NY Slip Op 00216


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-12402
 (Index No. 602803/16)

[*1]Shannon Wiessner, appellant,
v
Brittany Phillips, respondent.


Bergman, Bergman, Fields & Lamonsoff, LLP, Hicksville, NY (Michael E. Bergman, Julie T. Mark, and Clifford D. Gabel of counsel), for appellant.
Michael G. Nashak (Law Offices of Curtis, Vasile, Mehary & Dorry P.C., Merrick, NY [Patricia M. D'Antone], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered October 3, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she was struck by the defendant's vehicle as she walked across a street in Cobleskill. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see King v Perez, 160 AD3d 708). "A driver is bound to see what is there to be seen with the proper use of his [or her] senses" (Topalis v Zwolski, 76 AD3d 524, 525; see Higashi v M & R Scarsdale Rest., LLC, 176 AD3d 788, 790; Brandt v Zahner, 110 AD3d 752). There can be more than one proximate cause of an accident (see Cox v Nunex, 23 AD3d 427), and the issue of comparative negligence is generally a question for the jury to decide (see Spadaro v Parking Sys. Plus, Inc., 113 AD3d 833, 835; Jahangir v Logan Bus Co., Inc., 89 AD3d 1064).
Here, in support of her motion, the defendant submitted, inter alia, the deposition testimony of the parties, which provided conflicting evidence as to the facts surrounding the incident. Viewing the evidence in the light most favorable to the plaintiff as the nonmoving party (see Stukas v Streiter, 83 AD3d 18, 22), the defendant failed to establish, prima facie, that she was not at fault in the happening of the incident (see generally Joseph v Kelly, 178 AD3d 1028, 1030; Qi-Wen Pan v Lall, 174 AD3d 930, 931).
Accordingly, the Supreme Court should have denied the defendant's motion for [*2]summary judgment dismissing the complaint without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., BARROS, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court