Kirby v Davis (2022 NY Slip Op 05158)

Kirby v Davis

2022 NY Slip Op 05158

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2019-12043
 (Index No. 700431/18)

[*1]Mark Kirby, respondent-appellant,
v
Jacquelyne A. Davis, et al., appellants-respondents.

James G. Bilello, Hicksville, NY (Susan J. Mitola and Montfort, Healy, McGuire & Salley, LLP [John W. Hoefling], of counsel), for appellants-respondents.
The Barnes Firm, P.C., Garden City, NY (Robert Seigal of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered September 27, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the issues of liability and serious injury. The order, insofar as cross-appealed from, denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' first affirmative defense, alleging comparative negligence.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the issue of serious injury, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In January 2018, the plaintiff commenced this action against the defendants to recover damages for personal injuries he alleged he sustained in June 2017 when a bicycle that he was riding on Jewel Avenue near the intersection of Kissena Boulevard in Queens was struck by a motor vehicle owned by the defendant Jacquelyne A. Davis and operated by the defendant Joseph Davis (hereinafter the defendant driver). The plaintiff alleged that on the day at issue, although he was riding in the bike lane and had the right-of-way, his bicycle was struck when the defendants' vehicle attempted to turn right onto Kissena Boulevard. After joinder of issue, the plaintiff moved for summary judgment on the issues of liability and serious injury, and for summary judgment dismissing the defendants' first affirmative defense, alleging comparative negligence. In an order entered September 27, 2019, the Supreme Court granted those branches of the plaintiff's motion which were for summary judgment on the issues of liability and serious injury, but denied that branch of the motion which was for summary judgment dismissing the defendants' first affirmative defense. The defendants appeal from so much of the order as granted those branches of the plaintiff's motion which were for summary judgment on the issues of liability and serious injury, and the plaintiff cross-appeals from so much of the same order as denied that branch of his motion which was for summary judgment dismissing the defendants' first affirmative defense.
The Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability. The plaintiff established, prima facie, that the defendant driver breached a duty owed to the plaintiff and that the defendant driver's negligence was a proximate cause of the plaintiff's alleged injuries. In support of his motion, the plaintiff submitted, inter alia, transcripts of the deposition testimony of the plaintiff and of the defendant driver, which demonstrated that the defendant driver turned right without yielding the right-of-way to the plaintiff when the turn could not be made with reasonable safety (see Rodriguez v City of New York, 31 NY3d 312, 323; Ashby v Estate of Encarnacion, 178 AD3d 763, 764-765). In opposition, the defendants failed to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court also properly denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' first affirmative defense. The parties' divergent deposition testimony as to how the accident happened, transcripts of which were submitted in support of the plaintiff's motion, failed to eliminate all triable issues of fact as to whether the plaintiff was comparatively negligent in the happening of the accident (see Flores v Rubenstein, 175 AD3d 1490, 1491). Although the issue of a plaintiff's comparative negligence may be decided in the context of a plaintiff's motion for summary judgment on the issue of liability when a plaintiff also seeks dismissal of a defendant's affirmative defense alleging comparative negligence (see id. at 1491; Poon v Nisanov, 162 AD3d 804, 808), here, the plaintiff failed to meet his prima facie burden on this issue. Thus, we need not consider the sufficiency of the papers submitted in opposition in this regard (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of serious injury. The plaintiff submitted, inter alia, the affirmed medical report of an orthopedic surgeon who examined the plaintiff in October 2018 and again in May 2019, and reviewed the MRI films of the plaintiff's left knee that were taken in June 2017. In his affirmed medical report, the surgeon opined that, based on, inter alia, his review of those left knee MRI films, the plaintiff sustained a fracture in the left knee as a result of the accident. This report was sufficient to meet the plaintiff's prima facie burden of showing that he sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident, inasmuch as he sustained a fracture to his left knee (see Elshaarawy v U-Haul Co. of Miss., 72 AD3d 878, 881).
In opposition, the defendants relied upon uncertified emergency room hospital records regarding the plaintiff's treatment at New York Presbyterian Hospital on the date of the accident. Although the hospital records were uncertified, contrary to the plaintiff's assertions, they were admissible in opposition to this branch of the plaintiff's motion, since they were from the plaintiff's treating medical care providers and were submitted in order to demonstrate a lack of serious injury, to wit, refuting the plaintiff's claim of a fracture to his left knee (see Uribe v Jimenez, 133 AD3d 844, 844; Elshaarawy v U-Haul Co. of Miss., 72 AD3d at 881). Contrary to the Supreme Court's determination, those hospital records raised a triable issue of fact as to whether the plaintiff sustained a fracture to his knee on the day of the accident (see Estaba v Quow, 74 AD3d 734, 735; see also Uribe v Jimenez, 133 AD3d at 844). The plaintiff's hospital records contained an x-ray report of his left knee on the day of the accident that was noted to be "unremarkable" (see Estaba v Quow, 74 AD3d at 735). Accordingly, the court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of serious injury.
DILLON, J.P., DUFFY, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court