Kang Min Lee v Ke Ping Huang (2024 NY Slip Op 00298)

Kang Min Lee v Ke Ping Huang

2024 NY Slip Op 00298

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-08311
 (Index No. 707400/21)

[*1]Kang Min Lee, appellant-respondent, 
v
Ke Ping Huang, respondent-appellant.

Steven Louros, New York, NY, for appellant-respondent.
Cheven, Keely & Hatzis (Thomas Torto, New York, NY, of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered September 28, 2022. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's affirmative defenses alleging comparative negligence. The order, insofar as cross-appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
ORDERED that the cross-appeal is dismissed as abandoned; and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff was operating a vehicle on Roosevelt Avenue in Queens when her vehicle was struck by a vehicle operated by the defendant, who was backing out from a driveway. The plaintiff allegedly sustained personal injuries as a result of the accident, and she subsequently commenced this action against the defendant. The plaintiff moved for summary judgment on the issue of liability and dismissing the defendant's affirmative defenses alleging comparative negligence. In an order entered September 28, 2022, the Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability and denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's affirmative defenses alleging comparative negligence. The plaintiff appeals, and the defendant cross-appeals.
The cross-appeal must be dismissed as abandoned, as the defendant's brief does not request reversal of any portion of the order entered September 28, 2022 (see Canberg v County of Nassau, 214 AD3d 943, 944; Sammy v First Am. Tit. Ins. Co., 205 AD3d 949, 953).
A motion for summary judgment "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (CPLR 3212[b]; see Alvarez v Prospect Hosp., 68 NY2d 320, 324). On a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party (see Sage v Taylor, 195 AD3d 971, 972; Gobin v Delgado, 142 AD3d 1134, 1135). There can be more than one proximate cause of an accident (see Cox v Nunez, 23 AD3d 427), and the issue of comparative negligence is generally a question for the [*2]jury to decide (see Wiessner v Phillips, 201 AD3d 776, 777). The issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where the plaintiff moves for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence (see Seizeme v Levy, 208 AD3d 809, 810; Sapienza v Harrison, 191 AD3d 1028, 1029).
Here, the plaintiff failed to establish, prima facie, that she was not comparatively at fault in causing the accident. In support of her motion, the plaintiff submitted, inter alia, her affidavit and a certified police accident report. Although the police accident report contained inadmissible, self-serving statements of the defendant, the plaintiff waived any objection to the admissibility of the report by submitting it in support of her motion (see Grant v Carrasco, 165 AD3d 631, 632; Cruz v Finney, 148 AD3d 772, 773). The plaintiff's submissions, including the defendant's account of the accident contained in the police accident report, in which the defendant stated that the plaintiff's vehicle was traveling at a high rate of speed before colliding with his vehicle, failed to eliminate all triable issues of fact as to whether the plaintiff was comparatively at fault in causing the accident (see Kirby v Davis, 208 AD3d 1171, 1173; Flores v Rubenstein, 175 AD3d 1490, 1491).
Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's affirmative defenses alleging comparative negligence regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contention is without merit.
MILLER, J.P., FORD, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court