Frankel v Jaroslawicz (2024 NY Slip Op 01533)

Frankel v Jaroslawicz

2024 NY Slip Op 01533

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-08281
 (Index No. 602888/21)

[*1]Ronen Frankel, respondent, 
v
Shalom Jaroslawicz, et al., appellants.

Scahill Law Group, Bethpage, NY (Gerard Ferrara of counsel), for appellants.
Edelman, Krasin & Jaye, PLLC, Westbury, NY (Monica P. Becker of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), dated September 14, 2022. The order granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' affirmative defenses alleging comparative negligence, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff allegedly was injured as he was walking on the shoulder of Branch Boulevard in Nassau County when he was struck by a vehicle owned by the defendant Achiezer Community Resource Center, Inc., and operated by the defendant Shalom Jaroslawicz (hereinafter the defendant driver). Thereafter, the plaintiff commenced this action to recover damages for personal injuries.
The plaintiff moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence, contending that the defendant driver's negligent operation of his vehicle was the sole proximate cause of the accident. In an order dated September 14, 2022, the Supreme Court granted the plaintiff's motion. The defendants appeal.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Rodriguez v City of New York, 31 NY3d 312). "To be entitled to partial summary judgment a plaintiff does not bear the . . . burden of establishing . . . the absence of his or her own comparative fault" (Rodriguez v City of New York, 31 NY3d at 324-325). Even though a plaintiff is no longer required to establish his or her freedom from comparative negligence to be entitled to summary judgment on the issue of liability, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where, as [*2]here, the plaintiff moved for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence (see Hai Ying Xiao v Martinez, 185 AD3d 1014, 1014-1015; Wray v Galella, 172 AD3d 1446, 1447).
The Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability. In support of his motion, the plaintiff submitted transcripts of the parties' deposition testimony, which demonstrated, prima facie, that the defendant driver was negligent in striking the plaintiff by failing to see what there was to see and that the defendant driver's negligence was a proximate cause of the accident (see Vehicle and Traffic Law § 1146[a]). In opposition, the defendants failed to raise a triable issue of fact. Contrary to the defendants' contention, the court properly declined to consider a particular uncertified police accident report in determining the motion as it would have provided the sole basis for denying summary judgment (see Pena v KST Trucking, Inc., 206 AD3d 1007, 1008).
The Supreme Court, however, should have denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' affirmative defenses alleging comparative negligence. The parties' deposition testimony presented divergent accounts as to whether the accident occurred within the shoulder or the traveling lane and presented a triable issue of fact as to whether the plaintiff was comparatively at fault in the happening of the accident (see Kirby v Davis, 208 AD3d 1171, 1173).
DUFFY, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court