Irvin v Limberis (2025 NY Slip Op 00310)

Irvin v Limberis

2025 NY Slip Op 00310

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2022-09801
 (Index No. 710698/22)

[*1]Carley M. Irvin, et al., respondents, 
v
John T. Limberis, appellant.

Jennifer S. Adams, Yonkers, NY (Brian J. McCall of counsel), for appellant.
Law Office of Allan Leznikova, P.C., New York, NY, for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Karina E. Alomar, J.), entered October 26, 2022. The order, insofar as appealed from, granted those branches of the plaintiffs' motion which were for summary judgment on the issue of whether the plaintiff Carley M. Irvin sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident and dismissing the defendant's second, third, and fifth affirmative defenses.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiffs' motion which were for summary judgment on the issue of whether the plaintiff Carley M. Irvin sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident and dismissing the defendant's second, third, and fifth affirmative defenses are denied.
The plaintiff Carley M. Irvin (hereinafter the injured plaintiff), and her husband suing derivatively, commenced this action, inter alia, to recover damages for personal injuries the injured plaintiff allegedly sustained in a motor vehicle accident. The plaintiffs moved, among other things, for summary judgment on the issue of whether the injured plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident and dismissing the defendant's second, third, and fifth affirmative defenses. In an order entered October 26, 2022, the Supreme Court, inter alia, granted those branches of the motion. The defendant appeals.
"A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment" (Cruz v Fanoush, 214 AD3d 703, 703 [internal quotation marks omitted]). "A party opposing summary judgment is entitled to obtain further discovery when it appears that facts supporting the opposing party's position may exist but cannot then be stated" (id. [internal quotation marks omitted]). Here, at the time the plaintiffs moved, inter alia, for summary judgment on the issue of whether the injured plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident and dismissing the defendant's second, third, and fifth affirmative defenses, no depositions had been taken and the defendant had not had an opportunity to conduct an independent medical examination of the injured plaintiff (see Gillin v Spiess, 227 AD3d 871, 871-872; Cruz v Fanoush, 214 AD3d at 703). Accordingly, those branches of the plaintiffs' motion should have been denied as premature.
Additionally, the plaintiffs failed to establish, prima facie, that the injured plaintiff sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) as a result of the accident. A serious injury under the 90/180-day category consists of "a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment" (Insurance Law § 5102[d]). There was no competent medical evidence submitted to show that the injured plaintiff was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days as a result of the accident as the affirmed report of a physician, who examined the injured plaintiff more than one year after the accident, submitted by the plaintiffs did not opine on that issue (see Pryce v Nelson, 124 AD3d 859, 860; Khan v Hamid, 19 AD3d 460, 461). The injured plaintiff's own statements to the physician, made more than one year after the accident, regarding her purported inability to perform her daily activities for three months after the accident are insufficient (see generally Donisi v Henderson, 279 AD2d 603, 604). The plaintiffs also failed to establish, prima facie, that the injured plaintiff's alleged injuries were proximately caused by the accident since they failed to submit any initial medical records or affidavits indicating that the injuries were caused by the accident (see Perl v Meher, 18 NY3d 208, 217-218; Dabbs v Kelly, 245 AD2d 482, 483). Although the physician indicated in his report that the injured plaintiff "has not reached pre-accident status," that opinion is rendered speculative and conclusory by the lack of any discussion of the injured plaintiff's initial medical diagnosis (see Damas v Valdes, 84 AD3d 87, 94).
DILLON, J.P., GENOVESI, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court