■ SPRINGWELL NAVIGATION CORP., Respondent, v SANLUIS CORPORACION, S.A., Appellant. [917 NYS2d 560]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered December 16, 2009, to the extent it denied defendant's motion to dismiss the complaint, unanimously affirmed, with costs.

Since this Court's dismissal of the prior action for lack of standing (46 AD3d 377 [2007]) was not a final determination on the merits for res judicata purposes, plaintiff is not precluded from reasserting the same claims based on newly conferred rights that cured the lack of standing (*see e.g. Pullman Group v Prudential Ins. Co. of Am.*, 297 AD2d 578 [2002], *lv dismissed* 99 NY2d 610 [2003]). Nor, for collateral estoppel purposes, is the issue raised in this action identical to the issue "necessarily decided" in the prior appeal (*see Matter of Hofmann*, 287 AD2d 119, 123 [2001]). The issue decided against plaintiff in the prior appeal was whether plaintiff had standing as a beneficial owner

to sue on either the indenture or the note. The issue now before us is whether plaintiff has standing, as the registered holder's authorized appointee, to bring suit on the indenture.

As the indenture expressly permits the registered holder to assign its right to institute any legal action to an appointed proxy, and plaintiff has obtained the registered holder's authorization to sue in its stead, plaintiff's status has changed, and its prior lack of capacity has been cured (*see e.g. Allan Applestein TTEE FBO D.C.A. v Province of Buenos Aires*, 415 F3d 242 [2d Cir 2005]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, Acosta, Renwick and Manzanet-Daniels, JJ.