■ In the Matter of PART 60 RMBS PUT-BACK LITIGATION. NATIXIS REAL ESTATE CAPITAL TRUST 2007-HE2, Respondent, v NATIXIS REAL ESTATE CAPITAL, INC., Appellant. [65 NYS3d 133]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered on or about November 10, 2016, which, to the extent appealed from as limited by the briefs, denied, with prejudice, defendant's motion for commissions permitting it to serve subpoenas on a corporation and an individual located in Texas, insofar as those subpoenas requested information about the appointment of Computershare Trust Co., N.A. as Separate Securities Administrator, unanimously modified, on the law, to make the denial without prejudice, and, so modified, affirmed, without costs.

We affirm the denial of defendant's motion, but for different reasons than stated by the motion court. In making our determination, we take judicial notice of the briefs, orders, and pleadings submitted on the motion (see Kinberg v Kinberg, 85 AD3d 673, 674 [1st Dept 2011]; Assured Guar. [UK] Ltd. v J.P. Morgan Inv. Mgt. Inc., 80 AD3d 293, 303 [1st Dept 2010], affd 18 NY3d 341 [2011]). We also review the motion court's order de novo, since the court denied the motion based on law of the case—a matter of law (see Gulf Ins. Co. v Transatlantic Reins. Co., 13 AD3d 278, 279 [1st Dept 2004]).

The motion court erred in denying the motion based on law of the case. Neither this Court's decision on the prior appeal (149 AD3d 127 [1st Dept 2017]) nor the order it affirmed, denying defendant's CPLR 3211 motion to dismiss, bars defendant's argument that Computershare lacks capacity to sue because its appointment as Separate Securities Administrator failed to satisfy the requirements of section 10.10 of the Pooling and Services Agreement (PSA). That particular issue was not actually litigated on defendant's motion to dismiss (see People v Grasso, 54 AD3d 180, 210 [1st Dept 2008]). Moreover, the procedural posture and evidentiary burden on the motion to dismiss differs from the present motion (see Feinberg v Boros, 99 AD3d 219, 224 [1st Dept 2012], lv denied 21 NY3d 851 [2013]). On the motion to dismiss, defendant had to accept as true the complaint's allegation that Computershare had been duly appointed, and it was only after discovery commenced that defendant could determine whether the requirements of section 10.10 had been satisfied.

Defendant did not waive the defense that Computershare lacked capacity to sue. Defendant moved to dismiss for lack of standing, and it included lack of standing as an affirmative defense in its answer. While capacity to sue and standing are different legal concepts (see Silver v Pataki, 96 NY2d 532, 537

[2001]), this Court has used the terms interchangeably (*see e.g. Springwell Nav. Corp. v Sanluis Corporacion, S.A.*, 81 AD3d 557 [1st Dept 2011]). Thus, defendant should not be penalized for using the term "standing" instead of "capacity" (*see* CPLR 3026).

Nor should the affirmative defense be deemed waived on the ground that it is too conclusory (*see Robbins v Growney*, 229 AD2d 356, 358 [1st Dept 1996]). It "would be an excessively severe result" to "treat[ ] the defense as waived" (*Scholastic Inc. v Pace Plumbing Corp.*, 129 AD3d 75, 81 [1st Dept 2015]), especially since plaintiff has known since at least April 29, 2016 that defendant was disputing the effectiveness of Computershare's appointment. Moreover, "[i]f the [capacity] defense is meritorious, a determination of that issue would result in a speedy and less expensive conclusion to otherwise protracted litigation" (*id.*).

Despite the foregoing, we deny the motion, since defendant did not demonstrate that a commission is "necessary or convenient" (CPLR 3108). In particular, defendant's motion papers did not include "allegations that the proposed out-of-State deponent[s] would not cooperate with a notice of deposition or would not voluntarily come within this State or that the judicial imprimatur accompanying a commission will be necessary or helpful" (*MBIA Ins. Corp. v Credit Suisse Sec. [USA] LLC*, 103 AD3d 486, 488 [1st Dept 2013] [internal quotation marks omitted]). However, since defendant can cure this defect, we make the denial of the motion without prejudice.

We have considered the remaining arguments and find them unavailing. Concur—Renwick, J.P., Manzanet-Daniels, Andrias, Kern and Oing, JJ.