Freedom Trust 2011-2 v DB Structured Prods., Inc. (2023 NY Slip Op 01136)

Freedom Trust 2011-2 v DB Structured Prods., Inc.

2023 NY Slip Op 01136

Decided on March 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 02, 2023

Before: Moulton, J.P., González, Scarpulla, Shulman, JJ. 

Index No. 656245/19 Appeal No. 17445 Case No. 2022-03561 

[*1]Freedom Trust 2011-2, on Behalf of Ace Securities Corp. Home Equity Loan Trust Series 2006-FM1, Plaintiff-Appellant,
v
DB Structured Products, Inc., Defendant-Respondent.

Holwell Shuster & Goldberg LLP, New York (Brendon DeMay of counsel), for appellant.
Simpson Thacher & Bartlett LLP, New York (William T. Russell, Jr. of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about July 5, 2022, which granted defendant's motion to dismiss the complaint, unanimously affirmed, with costs.
Plaintiff, the owner of about 29% of the total outstanding certificates for a residential mortgage-backed security trust called Ace Securities Corp. Home Equity Loan Trust Series 2006-FM1, brings suit against defendant, the sponsor of the trust, for breach of contractual representations and warranties in connection with the trust. The trust is governed by a pooling and servicing agreement (the PSA), which contains a "no-action clause." That clause provides, as relevant here, that "[n]o [certificate holder] shall have any right by virtue of any provision of this Agreement to institute any suit, action or proceeding in equity or at law upon or under or with respect to this Agreement," unless certain conditions are present — for example, the certificate holder has given the trustee written notice of default, and the trustee has refused to institute an action after holders of at least 25% of the voting rights have requested in writing that the trustee do so. The PSA also provides that "no one or more [certificate holders] shall have any right in any manner whatsoever by virtue of any provision of this Agreement to . . . enforce any right under this Agreement, except in the manner herein provided," and may do so only for the common benefit of all certificate holders. Finally, the PSA states, "For the protection and enforcement of the provisions of this Section, each and every [certificate holder] and the Trustee shall be entitled to such relief as can be given either at law or in equity."
Defendant established that the no-action clause bars this suit. Plaintiff, a certificate holder bringing an action for breach of the PSA, has undisputedly not met the listed conditions for bringing it, and the no-action clause does not include any exception for certificate holder suits that are authorized by the trustee. Moreover, the clause's specification that no certificate holder is entitled to enforce any right under the PSA except in a manner specifically enumerated in the PSA (no certificate holders "shall have any right in any manner whatsoever by virtue of any provision of this Agreement to . . . enforce any right under this Agreement, except in the manner herein provided") refutes plaintiff's claim that an authorization issued in accordance with PSA §§ 2.03(a) or 9.02(a) could create such an exception.
The cases relied on by plaintiff are distinguishable, as they either involved far less broad prohibitions on suit, or they involved specific contractual provisions giving the plaintiffs the right to sue or concessions by the defendant that the plaintiffs had that right (see e.g. Springwell Nav. Corp. v Sanluis Corporacion, S.A., 81 AD3d 557, 558 [1st Dept 2011]; Park Royal I LLC v HSBC Bank USA, N.A., 2022 NY Slip Op 31715[U], *4-6 [Sup Ct, NY County 2022]; Allan Applestein [*2]TTEE FBO D.C.A. Grantor Trust v Province of Buenos Aires, 415 F3d 242, 245-246 [2d Cir 2005]).
Contrary to plaintiff's assertion otherwise, defendant may properly invoke the no-action clause. Although the final sentence of the clause states that all certificate holders and the trustee are entitled to relief "[f]or the protection and enforcement of the provisions of this Section," that sentence does not suggest that only those parties may invoke this provision. Furthermore, the trustee cannot properly waive compliance with the no-action clause because it was not intended for the trustee's sole benefit (see Quadrant Structured Prods. Co., Ltd. v Vertin, 23 NY3d 549, 565-566 [2014]; Federal Hous. Fin. Agency v HSBC Fin. Corp., 2017 NY Slip Op 30846[U], *4 [Sup Ct, NY County 2017]).
In light of our disposition, we need not reach the parties' arguments with respect to whether plaintiff is the real party in interest and the whether the suit is timely.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 2, 2023