**Oasis Invs. II Master Fund Ltd. v Chang YE Inv. Co. Ltd.**

2026 NY Slip Op 31050(U)

March 17, 2026

Supreme Court, New York County

Docket Number: Index No. 651835/2024

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------------X

OASIS INVESTMENTS II MASTER FUND LTD.,

Plaintiff,

- v -

CHANG YE INVESTMENT COMPANY LIMITED and
KAISA GROUP HOLDINGS LIMITED,

Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651835/2024 |
| **MOTION DATE** | -- |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 21, 22, 23, 24, 25, 27

were read on this motion to/for              DISMISS                     .

In motion sequence 001, defendants Chang Ye Investment Company Limited (Chang) and Kaisa Group Holdings Limited (Kaisa) move pursuant to CPLR 3211(a)(1) and (7) to dismiss plaintiff's complaint. (NYSCEF Doc. No. [NYSCEF] 21, Notice of Motion.) In the complaint, plaintiff alleges four causes of action for breach of contract against defendants for the unpaid principal and interest on four unsecured notes.[1] (See NYSCEF 1, Complaint.)

**Background**

Plaintiff Oasis Investments II Master Fund Ltd. (Oasis) is a Cayman Islands limited company and the beneficial owner of the four notes (Notes) at issue in this action. (NYSCEF 1, Complaint ¶¶ 4-5.)

---

[1] In its motion to dismiss, defendants make no independent argument for dismissal of plaintiff's fourth cause of action for breach of the 11.95% Note. (See NYSCEF 23, Defendants' MOL.) Accordingly, the court considers only defendants' argument as to the first, second, and third causes of action on this motion.

651835/2024 OASIS INVESTMENTS II MASTER FUND LTD. vs. CHANG YE INVESTMENT COMPANY LIMITED ET AL
Motion No. 001

Page 1 of 11

1 of 11

Defendant Chag is a company incorporated under the laws of the British Virgin Islands and is the guarantor of the Notes. (*Id.* ¶ 7.)

Defendant Kaiser is a company incorporated under the laws of the Cayman Islands and is the issuer of the Notes. (*Id.* ¶ 8.)

Kaiser issued the Notes between 2017 and 2021. (*Id.* ¶ 15.) Each Note is governed by an indenture agreement, to which both defendants are parties. (*Id.* ¶¶ 6-8; NYSCEF 2, 11.25% Note Indenture; NYSCEF 3, 8.50% Note Indenture; NYSCEF 4, 8.65% Note Indenture; NYSCEF 5, 11.95% Note Indenture [collectively, the Indentures].) The Notes have an annual interest rate of 11.25%, 8.65%, 8.50%, or 11.95%, respectively, payable semiannually. (NYSCEF 1, Complaint ¶ 21.) The principals became due on the date of maturity. (*Id.* ¶ 22.) The Notes matured on April 9, 2022, June 30, 2022, July 22, 2022, and October 22, 2022, respectively. (*Id.* ¶ 19.)

Kaiser defaulted on each of the Notes. (*Id.* ¶¶ 23-24.)

Under the Indentures, Chang is a subsidiary guarantor and jointly and severally liable for the payment of the principal, premium, and interests due on the Notes. (*Id.* ¶¶ 26-27.) Plaintiff alleges that Chang failed to pay the principal and interest owed on the Notes. (*Id.* ¶¶ 25, 32.)

On January 11, 2023, plaintiff initiated this action against defendants to enforce the Notes in a prior action captioned at *Oasis Inv. II Master Fund Ltd. v Chang Ye Inv. Co. Ltd.*, Index No. 650164/2023. The court dismissed the action without prejudice, finding that plaintiff lacked standing to bring its claims. (*See* NYSCEF 47, Decision and Order [mot. seq. no. 002] in 650164/2023 action.)

651835/2024   OASIS INVESTMENTS II MASTER FUND LTD. vs. CHANG YE INVESTMENT
COMPANY LIMITED ET AL
Motion No. 001

Page 2 of 11

2 of 11

On April 9, 2024, plaintiff initiated this action, again seeking to enforce the Notes and Indentures.  Defendants move to dismiss the complaint, again.

**Legal Standard**

On a motion to dismiss pursuant to CPLR 3211, the court must afford the pleadings a liberal construction, "accept the facts alleged in the complaint as true, afford plaintiffs the benefit of every possible favorable inference, and determine only whether the facts alleged fit within any cognizable legal theory."  (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994].)

CPLR 3211(a)(1) allows a party to seek dismissal of a cause of action asserted against him because "a defense is founded upon documentary evidence."  (CPLR 3211 [a] [1].)  A cause of action may be dismissed pursuant to CPLR 3211(a)(1) "only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law."  (*Leon v Martinez*, 84 NY2d at 88); *see also Goshen v Mut. Life Ins. Co.*, 98 NY2d 314, 326 [2002] ["motion may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law."].)

CPLR 3211(a)(7) allows a party to seek dismissal of a cause of action asserted against him because "the pleading fails to state a cause of action."  (CPLR 3211 [a] [7].)  When considering a motion pursuant to CPLR 3211(a)(7) "the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one."  (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977].)  "[B]are legal conclusions as well as factual claims which are either inherently incredible or flatly contradicted by documentary evidence" cannot survive a motion to dismiss. (*Summit Solomon &*

651835/2024   OASIS INVESTMENTS II MASTER FUND LTD. vs. CHANG YE INVESTMENT
COMPANY LIMITED ET AL
Motion No.  001

Page 3 of 11

*Feldesman v Lacher*, 212 AD2d 487, 487 [1st Dept 1995] [citation omitted].)  However,

"a court may freely consider affidavits submitted by the plaintiff to remedy any defects in

the complaint."  (*Leon v Martinez*, 84 NY2d 83, 88 [1994] [citing *Rovello v Orofino

Realty Co.*, 40 NY2d 633, 635 (1976)].)

**Discussion**

Defendants move to dismiss on the grounds that (i) Oasis lacks standing to bring

the claims because Oasis has not obtained the requisite authorization to sue on the

Notes from the registered holder of the Notes and (ii) Oasis is precluded from arguing

that Euroclear can authorize these claims under an agency theory or otherwise.

Standing

The parties agree that Oasis, as a mere beneficial owner of the Notes, does not

have standing to enforce the Notes.  (NYSCEF 1, Complaint ¶ 33; NYSCEF 23,

Defendants' MOL at 11.)  Instead, the Indentures provide that only the registered

holders and trustees have the right to collect.  (*See* NYSCEF 2-4, Indentures §§ 6.03,

6.07, 6.09.)  The Indentures define a 'Holder' as "the Person whose name a Note is

registered in the Note register."  (NYSCEF 2, 11.25% Note Indenture at 11.)  The

parties agree that the 11.25%, 8.65%, and 8.50% Notes are "registered in the name of

Citivic Nominees Limited ('Citivic'), as the nominee of Citibank Europe plc ('Citibank'),

the Common Depository of those Notes, for the account of Euroclear and Clearstream."

(NYSCEF 1, Complaint ¶¶ 35-37; *see also* NYSCEF 23, Defendants' MOL at 11.)  The

point of disagreement between the parties is whether obtaining authorization pursuant

to Euroclear's operating rules is, alone, sufficient to give Oasis standing to bring this

action absent authorization from Citivic and/or Citibank.

**651835/2024   OASIS INVESTMENTS II MASTER FUND LTD. vs. CHANG YE INVESTMENT COMPANY LIMITED ET AL**
**Motion No.  001**                                                        Page 4 of 11

4 of 11

"On a pre-answer motion to dismiss for lack of standing, the burden lies with the defendant to establish prima facie that plaintiff has no standing to sue." (*Homelink Intl. Inc. v Law Offs. Of Sanjay Chaubey*, 242 AD3d 455, 455 [1st Dept 2025] [citation omitted].)  Here, defendants argue that Oasis' allegation in its complaint that it "sent a request to Citibank to have Citivic sign an authorization confirming that [Oasis] had authority to sue" which 'Citibank acknowledged receipt of . . . but did not otherwise respond [to]" (NYSCEF 1, Complaint ¶ 45), is enough to determine that Oasis lacks standing to bring this action.  While "it is well settled that a beneficial holder of a note lacks standing to sue for payments due upon the note where, as here, the indenture reserves the right to sue to the registered holder of the note[,]" the law is also clear that such lack of standing may be cured if the beneficial holder "obtains authorization to sue from a registered holder." (*Cortland St. Recovery Corp. v Hellas Telecom., S.A.R.L.*, 47 Misc 3d 544, 559 [2014] [citations omitted].)

Section 2.06(d) of the Indentures provide that "[t]he registered holder . . . may grant proxies and otherwise authorize any Person to take any action which a Holder is entitled to take under this Indenture or the Notes."  (*See* NYSCEF 2-4, Indentures § 2.06 [d].)  Oasis pleads that after receiving no answer to its authorization request from Citibank, Oasis, through its prime broker, attempted to have Euroclear request authorization from Citibank on Oasis' behalf.  (NYSCEF 1, Complaint ¶¶ 45-46.)  In its response, Euroclear explained that common depositories, such as Citibank, are reluctant to issue authorization letters, but that Euroclear's operating procedures allow Euroclear to issue a statement of holding, which would give Oasis the authorization needed for Oasis to bring claims against defendants.  (*Id.* ¶¶ 46-47.)

651835/2024   OASIS INVESTMENTS II MASTER FUND LTD. vs. CHANG YE INVESTMENT COMPANY LIMITED ET AL
Motion No.  001

Page 5 of 11

5 of 11

Specifically, Oasis (and Euroclear) asserts that Citibank, as the Common Depository of the Notes, are bound by Euroclear's terms and conditions, including its operating procedures. (NYSCEF 1, Complaint ¶ 39; *see also* NYSCEF 15, Operating Procedures § 5.3.2.10 [e] [provides that the Common Depository is "contractually bound to follow [Euroclear] and Clearstream's Instructions as regards the disposition of global securities."].) Section 5.3.1.3.(a) of such procedures provides that

> "[Euroclear] authorise you **and/or the underlying beneficial owners** of such securities to maintain proceedings against issuers, guarantors and any other parties. This is to the extent that [Euroclear], our nominee, a Depository or their nominee acts as registered owner of any security held in the Euroclear System, or in any other relevant situation." (NYSCEF 15, Operating Procedures § 5.3.1.3 [a] [emphasis added].)

Section 5.3.1.3(c) further provides that "[u]pon your request, we will issue a statement of account for the purpose of the filing of a claim." (*Id.* § 5.3.1.3 [c].)

Pursuant to § 5.3.1.3 of Euroclear's operating procedures, Oasis requested statements of account letters (STAC Letters) from Euroclear. (*See* NYSCEF 1, Complaint ¶ 41.) In August 2023, Euroclear issued three STAC Letters that certified that Oasis was the beneficial owner of the Notes and that

> "in accordance with [§ 5.3.1.3(a)] of the operating procedures of the Euroclear system, we authorize our clients **and/or the underlying Beneficial Owners** of securities held in the Euroclear system, to maintain proceedings against issuers and guarantors of these securities, this is to the extent that, as is the case for above captioned securities, a nominee of a depository, [Citivic], acts as registered owner of the security held in the Euroclear system." (NYSCEF 10, 11.25% Statement of Holding [emphasis added]; *see also* NYSCEF 11, 8.50% Statement of Holding; NYSCEF 12, 8.65% Statement of Holding.)

Assuming that Citibank is bound by Euroclear's operating procedures, Oasis maintains that Citibank is similarly bound by Euroclear's authorization permitting Oasis, as the beneficial owner of the Notes, to initiate legal action against the defendants. (*See*

NYSCEF 1, Complaint ¶¶ 47-48.)  Similar fact patterns have led courts to find that plaintiff has standing to initiate litigation.  (*BFAM Asian Opportunities Master Fund, LP v Glory Health Indus. Ltd.*, 2024 NY Misc LEXIS 58760 [Sup Ct, NY County, March 11, 2024, No. 651863/2023] [hereinafter *BFAM*]; *see also Cortland St. Recovery Corp. v TPG Capital Mgt., L.P.*, 2022 NY Slip Op 51044[U] [Sup Ct, NY County 2022] [hereinafter *Cortland II*].)

Defendants seek to differentiate the facts in this case from those in *BFAM* and *Cortland II*.  First, defendants argue that this case differs from the prior cases in that the indentures at issue here do not incorporate Euroclear's operating procedures.  While the Indentures do not explicitly incorporate Euroclear's operating procedures, they refer generally to these rules and procedures throughout.  (*See* NYSCEF 2, 11.25% Note Indenture §§ 2.06 [b] [provides that the interests of beneficial owners in a global note may be transferred "**only in accordance with the rules and procedures of the Euroclear and Clearstream**" (emphasis added)], 9.09 [ix] [provides that defendants "may amend or supplement this Indenture, the Notes, the Intercreditor Agreement or any Security Document without notice to or the consent of any Holder, to effect any changes to this Indenture i**n a manner necessary to comply with the procedures of Euroclear or Clearstream**" (emphasis added)], 13.03 [b] ["any notice or demand will be deemed to have been sufficiently given or served when so sent or deposited and, if to the Holders, **when delivered in accordance with the applicable rules and procedures of Euroclear and Clearstream**" (emphasis added), at 15 [includes in the definition of 'Offer to Purchase' that "Holders electing to have a Note purchased pursuant to the Offer to Purchase **will be required to surrender the Note pursuant to**

651835/2024   OASIS INVESTMENTS II MASTER FUND LTD. vs. CHANG YE INVESTMENT COMPANY LIMITED ET AL
Motion No.  001

Page 7 of 11

7 of 11

**the applicable procedures of Euroclear and Clearstream**" (emphasis added)].)

Indeed, the references to Euroclear's rules and procedures in the indentures here far outnumber the sole reference to such rules and procedures in BFAM. (See Index No. 651863/2023, NYSCEF 2, Indenture at 156/241.)[2] Thus, the court finds this distinction to be without a difference.

Moreover, the Offering Memoranda for the Notes clearly set forth that

"[s]o long as the Notes are held in global form . . . **participants must rely on the procedures of Euroclear and Clearstream** and indirect participants must rely on the procedures of the participants through which they own book-entry interests in order to transfer their interests in the Notes or to exercise any rights of Holders under the Indenture." (NYSCEF 6, 11.25% Note Offering Memorandum at 246 [emphasis added]; *see also* NYSCEF 7, 8.50% Note Offering Memorandum at 211; NYSCEF 8, 8.65% Note Offering Memorandum at 248.)

The repeated references to Euroclear's procedures in the Indentures and Offering Memoranda support plaintiff's contention that the parties intended to be bound by Euroclear's rules and procedures. (*See Cortland II*, 2022 NY Slip Op 51044[U] at *25-26.)

Defendants further argue that Euroclear, and by extension Oasis, concede that Citibank is not required to abide by Euroclear's instructions. (*See* NYSCEF 26, Transcript at 8: 6-7, 18: 13-24.) Defendants base this argument on Euroclear's response to Oasis' request that Euroclear submit an authorization request to Citibank on Oasis' behalf, in which Euroclear wrote that "[r]ecent experience taught us that the common depository community is very reluctant in delivering the requested statement of account/authorization letter. . . . There is also no contractual obligation for the common

---

[2] There are four references to Euroclear's procedures in the indenture. (See Index No. 651863/2023, NYSCEF 2, Indenture at 57/241, 139/241, 156/241.

**651835/2024   OASIS INVESTMENTS II MASTER FUND LTD. vs. CHANG YE INVESTMENT COMPANY LIMITED ET AL**
**Motion No. 001**

Page 8 of 11

depository to issue such letters." (NYSCEF 1, Complaint ¶ 46.) Whether or not Citibank is required under Euroclear's operating procedures to issue authorization letters is a separate question from Oasis' argument that Citibank is bound by Euroclear's authorization letter pursuant to Euroclear's operating procedures. Thus, defendants' argument does nothing to disturb Oasis' allegation that it has standing to bring its claims pursuant to Euroclear's STAC Letters. Rather, it raises an issue of fact as to the relationship between Euroclear and the Common Depository and whether it is one of principal and agent or nominee. (See *BFAM Asian Opportunities Master Fund, LP v Glory Health Indus. Ltd.*, 2024 NY Misc LEXIS 58760 [Sup Ct, NY County, March 11, 2024, No. 651863/2023 at 6/12].)

Finally, defendants reiterate their point that the Indentures unequivocally grants only the registered holder the power to grant any authorizations. (*See* NYSCEF 26, Transcript at 17: 21-23; *see also* NYSCEF 23, Defendants' MOL at 16 ["[t]he indentures here only permit registered Holders to provide authorization to sue."].) This is not an accurate recitation of the contract language. Section 2.06(d) provides that "[t]he registered holder of a Global Note may grant proxies and otherwise authorize any Person to take any action which a Holder is entitled to take under this Indenture or the Notes." (NYSCEF 2-4, Indentures § 2.06 [d].) Contrary to defendants' contention that *only* the registered holder can grant an authorization, the contract language is not preclusive. Because § 2.06(d) does not give the registered holder exclusive power to grant authorization, the court finds that defendants do not establish prima facie that Oasis has no standing to sue.

Issue Preclusion

651835/2024   OASIS INVESTMENTS II MASTER FUND LTD. vs. CHANG YE INVESTMENT COMPANY LIMITED ET AL
Motion No.  001

Page 9 of 11

9 of 11

Defendants further argue that collateral estoppel precludes Oasis from relitigating the standing issue because the court decided in the previous action – captioned at *Oasis Inv. II Master Fund Ltd. v Chang Ye Inv. Co. Ltd.*, Index No. 650164/2023 – that Oasis lacked standing to enforce the Notes and Indentures.

Collateral estoppel, or issue preclusion, requires that (1) "the party seeking the benefit of collateral estoppel [] prove that the identical issue was necessarily decided in the prior action and is decisive in the present action" and (2) "the party to be precluded from relitigating an issue . . . had a full and fair opportunity to contest the prior determination." (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990] [citations omitted].) "[C]ollateral estoppel effect will only be given to matters actually litigated and determined in a prior action." (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456 [1985] [internal quotation marks omitted].)

Here, the issue of standing was not "necessarily decided" in the prior action because there was no final judgement. In fact, the court stated in its decision on the record that "the motion is granted without prejudice, obviously, to do, you know, whatever you think is appropriate." (*Oasis Inv. II Master Fund Ltd. v Chang Ye Inv. Co. Ltd.*, Index No. 650164/2023, NYSCEF 46, Transcript at 29: 13-15.) Because the issue of standing was never finally decided in the prior action and Oasis has "stated a cognizable theory of standing" in its new complaint the court will allow Oasis to bring its claims. (*Cortland St. Recovery Corp. v TPG Capital Mgt. L.P.*, 2022 NY Slip Op 51044[U] at *9-10; *see also Springwell Nav. Corp. v Sanluis Corporacion, S.A.*, 81 AD3d 557 [1st Dept 2011].)

Accordingly, it is

651835/2024   OASIS INVESTMENTS II MASTER FUND LTD. vs. CHANG YE INVESTMENT COMPANY LIMITED ET AL
Motion No.  001

Page 10 of 11

10 of 11

ORDERED that motion sequence 001 is denied; and it is further

ORDERED that defendants shall file an answer to the complaint within 20 days of the date of this order; and it is further

ORDERED that the parties shall comply with Part 48 Procedure 16 (initial disclosure) by March 23, 2026.  The parties shall also submit a proposed Part 48 preliminary conference order by March 23, 2026.  If the parties cannot agree, the parties may submit competing proposals.

| | |
|---|---|
| **3/17/2026** | 20260317153322AMASLEY8B8977C240AB463180D05F5ED433B768 |
| **DATE** | **ANDREA MASLEY, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**651835/2024   OASIS INVESTMENTS II MASTER FUND LTD. vs. CHANG YE INVESTMENT COMPANY LIMITED ET AL**
**Motion No.  001**

**Page 11 of 11**

11 of 11

[* 11]