Hudson ES LLC v First Franklin Fin. Corp.

2026 NY Slip Op 02041

April 2, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Hudson ES LLC, Plaintiff-Appellant,

v

First Franklin Financial Corporation, Defendant-Respondent, Merrill Lynch Mortgage Lending, Inc., Defendant.

Decided and Entered: April 02, 2026

Index No. 656449/18|Appeal No. 6257|Case No. 2025-02292|

Before: Manzanet-Daniels, J.P., Mendez, Pitt-Burke, Higgitt, Hagler, JJ.

Patterson Belknap Webb & Tyler LLP, New York (David S. Kleban of counsel), for appellant.

Wachtell, Lipton, Rosen & Katz, New York (Elaine P. Golin of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Robert R. Reed, J.), entered January 17, 2025, which granted defendant First Franklin Financial Corporation's (First Franklin) motion to dismiss the complaint, unanimously affirmed, with costs.

Supreme Court properly dismissed the complaint as barred by § 10.08 of the Pooling and Service Agreement dated as of January 1, 2007 (PSA) (the no-action clause). It is undisputed that plaintiff did not meet the preconditions for bringing an action listed in the no-action clause because it did not represent 25% of the Voting Rights in the Trust and did not provide the Trustee with 60 days' notice before commencing suit.

Plaintiff argument that First Franklin may not assert the no-action clause of the PSA as a defense because it was not a party to or a third-party beneficiary of that agreement in unavailing. The purpose of no-action clauses is to avoid duplicative suits and protect the majority interests by mandating that actions be brought by the Trustee (see Quadrant Structured Prods. Co. v Vertin, 23 NY3d 549, 567 [2014]). In cases involving residential mortgage-backed securitizations, this Court has previously held that entities such as First Franklin, that are not parties or third-party beneficiaries to an agreement, may invoke a no-action clause as a complete defense (see Freedom Trust 2011-2 v DB Structured Prods., Inc., 214 AD3d 406, 407 [1st Dept 2023], lv denied 41 NY3d 902 [2024]; ACE Sec. Corp. v DB Structures Prods., Inc., 112 AD3d 522, 523 [1st Dept 2013], affd 25 NY3d 581 [2015]).

We have considered plaintiff's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 2, 2026